UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON NICHOLAS NORDIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STUART JEREMIAH SCOTT, et al.,<br><br>　　　　　Defendants. | Case No. 3:21-cv-04717-JD<br><br>**ORDER RE IFP APPLICATION AND DISMISSING COMPLAINT**<br><br>Re: Dkt. No. 1, 2 |

　　　　Pro se plaintiff Jason Nicholas Nordin filed a complaint alleging claims under 42 U.S.C. §§ 1983 and 1985, and the First, Fifth, Sixth, Seventh, Ninth, and Fourteenth Amendments. The complaint is based on divorce, child custody, and domestic violence proceedings in the family law department of the Santa Clara Superior Court. Dkt. No. 1. Nordin has named as defendants the Superior Court judge presiding over the family law actions, his ex-wife and her lawyer and boyfriend, and an attorney appointed to represent his minor children. Nordin has asked to proceed in forma pauperis (IFP). Dkt. No. 2. The request is denied, and the complaint is dismissed.

　　　　IFP requests are evaluated under 28 U.S.C. § 1915, and the first question is whether the plaintiff's financial status excuses payment of the court's filing fees. The answer is no. Although Nordin is currently unemployed, he receives a significant amount in VA disability benefits each month, exceeding his monthly expenses. Dkt. No. 2. Nordin also owns a home and car. *Id*. Nordin does not meet the financial qualification for IFP status.

　　　　The next question is whether the complaint is sufficient to stand, and the answer is no. The Court may "at any time" dismiss an IFP complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The standard is the same as under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). As a pro se plaintiff,

Nordin gets a liberal construction of his complaint and the benefit of any doubts, but he still must satisfy the requirements of Rule 8 and state facts sufficient to allege a plausible claim. *Nguyen Gardner v. Chevron Capital Corp.*, No. 15-cv-01514-JD, 2015 WL 12976114, at *1 (N.D. Cal. Aug. 27, 2015).

The complaint as it currently stands cannot go forward for multiple reasons. To start, all of the Section 1983 and 1985 claims are based entirely on family and domestic disputes being litigated before Judge Scott in the Santa Clara Superior Court, and involving Torrey, Nordin's ex-wife, Whitfield, his ex-wife's attorney, Bisted, the attorney appointed by the state to represent his children, and Iverson, his ex-wife's boyfriend. *See* Dkt. No. 1 at ECF 5. These disputes are quintessential state law claims entrusted under principles of federalism to the state courts. For this reason, the domestic relations exception to federal jurisdiction bars Nordin's request to litigate those issues in this Court. The "domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *see also Bridgeman v. County of Contra Costa*, No. 20-cv-649-JD, 2020 WL 978624, at *1-2 (N.D. Cal. Feb. 28, 2020). "[T]he Supreme Court has long opined that federal courts should decline jurisdiction in domestic relations cases." *Bridgeman*, 2020 WL 978624, at *2 (citing *Ex Parte Burrus*, 136 U.S. 586, 593-94 (1890)).

That puts an end to this case as whole, but it is also worth noting, in the event Nordin elects to file an amended complaint, that Section 1983 and 1985 claims will not lie against Torrey, Whitfield, Iverson, and Bisted because they are private actors. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (private actors may not be sued under 1983 for absent joint action); *see also Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (court appointed attorneys do "not act under color of state law when performing a lawyer's traditional functions"). In addition, "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Judge Scott has immunity to damages claims. *Id*. at 27 ("judges defending against § 1983 actions enjoy absolute immunity from damages for acts performed in their judicial capacities") (quoting *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 734-35 (1980)).

Consequently, the case is dismissed. In light of the allegations made in the complaint, the Court has some doubt that allowing Nordin to try to amend is a worthwhile measure. Even so, leave to file an amended complaint that is consistent with this order is granted. The amended complaint must be filed by October 29, 2021. A failure to meet this deadline or otherwise comply with this order will result in dismissal with prejudice under Federal Rue of Civil Procedure 41(b). The initial case management conference set for October 14, 2021, is vacated.

**IT IS SO ORDERED.**

Dated: October 8, 2021

JAMES DONATO
United States District Judge

3